1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

OCTAVIO VALDIOSERA,

11

　　　　　　Petitioner,　　　　　　No. CIV S-09-3055 MCE GGH (TEMP) P

12

vs.

13

GARY SWARTHOUT, et al.,

14

　　　　　　Respondents.　　　　　FINDINGS & RECOMMENDATIONS

15

_____/

16

　　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17

corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2009 decision by the California

18

Board of Parole Hearings (BPH) finding him unsuitable for parole.

19

　　　　　On February 2, 2011, the undersigned ordered both parties to provide briefing

20

regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred

21

in commanding a federal review of the state's application of state law in applying the "some

22

evidence" standard in the parole eligibility habeas context.  Swarthout v. Cooke, 131 S. Ct. 859,

23

862-63 (2011) (per curiam).

24

　　　　　The parties have timely filed briefing, yet for the reasons set forth in the prior

25

order, no federal due process requirement for a "some evidence" review exists and federal courts

26

are precluded from review of the state court's application of its "some evidence" standard.  For

these reasons, petitioner's "some evidence" claim must be rejected.  To the extent petitioner claims the decision to deny him parole in 2009 violated any right under state law, relief is precluded because an application for a writ of habeas corpus by a state prisoner can only be granted for a violation of federal law.  28 U.S.C. § 2254(a).

The court notes that petitioner also asserts that a change in California Penal Code § 3041.5(b)(2) in 2008[1] resulting in his being denied a parole hearing for three years following the 2009 denial violates the Constitution's prohibition against ex post facto laws.  It appears petitioner requests that the court order another parole hearing for petitioner occurring earlier than three years from the 2009 hearing.

Habeas corpus relief is generally not available unless a petitioner's claim implicates the fact or duration of confinement as the purpose of a habeas action is to obtain release from present or future unlawful custody.  Preiser v. Rodriguez, 411 U.S. 475, 485-86 (1973).  Consequently, the United States Supreme Court has found that where prisoners sought the invalidation of state procedures used to deny parole suitability or eligibility, their claims were cognizable under 42 U.S.C. § 1983.  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).  Petitioner's ultimate goal is a speedier release on parole, but the only relief available in the context of petitioner's current claim is to prevent the BPH from applying 2008 changes to California Penal Code § 3041.5(b)(2) to him, thus providing him a speedier opportunity to attempt to convince the Board that he should be deemed suitable for parole.  This claim cannot be characterized as a direct challenge to the fact or duration of petitioner's confinement, rather it is a challenge to the procedures used to determine if petitioner should remain confined.  Under the authority cited

/////

/////

---

[1]  The change to California Penal Code § 3041.5(b)(2) resulted from the passage of Proposition 9 in 2008.  The statutes enacted and statute modifications made pursuant to Proposition 9 are also collectively known as "Marsy's Law."

1   above, this claim must be pursued in a 42 U.S.C. § 1983 action, not in a petition for writ of

2   habeas corpus.[2]

3          Accordingly, IT IS HEREBY RECOMMENDED that the petitioner's application

4   for writ of habeas corpus be denied.

5          These findings and recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

7   days after being served with these findings and recommendations, any party may file written

8   objections with the court and serve a copy on all parties.  Such a document should be captioned

9   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10   shall be served and filed within fourteen days after service of the objections.  The parties are

11   advised that failure to file objections within the specified time may waive the right to appeal the

12   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13          If petitioner files objections, he shall also address if a certificate of appealability

14   should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

15   U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

16   /////

17   /////

18   /////

19   /////

20   /////

21   /////

22

23

24

25

26

[2] Petitioner is informed that in Gilman v. Fisher, CIV-S-05-0830 LKK GGH, a class action in this court, plaintiffs are proceeding under 42 U.S.C. § 1983 claiming that the 2008 changes to California Penal Code § 3041.5(b)(2) violate their Constitutional right to be free of ex post facto laws.  Petitioner should determine if he is a member of the class before deciding whether or not to initiate his own § 1983 action.  Petitioner should also be aware that in Gilman v. Schwarzenegger, No.10-15471, 2011 WL 198435 (9th Cir., Jan. 24, 2011), the Ninth Circuit Court of Appeals reversed a district court grant of a preliminary injunction on the grounds that the plaintiffs in Gilman are not likely to succeed on the merits of their ex post facto claim.

constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

DATED: March 3, 2011

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: kc
vald3055.dis

_____