IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OCTAVIO VALDIOSERA,

    Petitioner,        No. 2:09-cv-3055 MCE GGH (TEMP) P

  vs.

GARY SWARTHOUT, et al.,

    Respondents.      ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On March 3, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Petitioner has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations rejecting Petitioner's challenge to the state's denial of parole to be supported by the record and by proper analysis.

1 The Court rejects, however, the magistrate judge's recommendation that Petitioner's ex post

2 facto challenge to California's "Marsy's Law" be denied because the claim is cognizable only

3 under 28 U.S.C. § 1983.

4        The magistrate judge reasoned that:

> Habeas corpus relief is generally not available unless a petitioner's claim implicates the fact or duration of confinement as the purpose of a habeas action is to obtain release from present or future unlawful custody. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485-86 (1973). Consequently, the United States Supreme Court has found that where prisoners sought the invalidation of state procedures used to deny parole suitability or eligibility, their claims were cognizable under 42 U.S.C. Section § 1983. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005). Petitioner's ultimate goal is a speedier release on parole, but the only relief available in the context of petitioner's current claim is to prevent the BPH from applying 2008 changes to California Penal Code Section 3041.5(b)(2) to him, thus providing him a speedier opportunity to attempt to convince the Board that he should be deemed suitable for parole. This claim cannot be characterized as a direct challenge to the fact or duration of petitioner's confinement, rather it is a challenge to the procedures used to determine if petitioner should remain confined. Under the authority cited above, this claim must be pursued in a 42 U.S.C. §1983 action, not in a petition for write of habeas corpus.

14 Findings and Recommendations (ECF No. 19), 2:10-3:2.

15        Neither of the above Courts, however, analyzed the limits of habeas actions. In

16 <u>Preiser</u>, to the contrary, three prisoners had brought <u>Section 1983</u> actions challenging their loss of

17 good time credits and seeking injunctive relief restoring those credits, which would have led to

18 their immediate release. The Preiser Court held only that "when a state prisoner is challenging

19 the very fact or duration of his physical imprisonment, and the relief he seeks is a determination

20 that he is entitled to immediate release or a speedier release from that imprisonment, his sole

21 federal remedy is a writ of habeas corpus." 411 U.S. at 500. Accordingly, the <u>Preiser</u> Court

22 opined only as to the limits of Section 1983 actions, not habeas petitions.

23        Likewise, in <u>Wilkinson</u>, two prisoners challenged, again via Section 1983 actions,

24 parole decisions made under statutes adopted after they had begun to serve their sentences. The

25 state argued that because the men believed victory on their claims would lead to speedier release,

26 they should be <u>required</u> to bring their claims in a habeas petition.

Rejecting the state's theory, the Wilkinson Court ultimately held that the prisoners' claims were cognizable under Section 1983.  544 U.S. at 82.

Significantly then, neither of the above Courts determined the claims before them could only be brought under Section 1983 or that habeas relief in such instances was precluded. In fact, only Justice Scalia defined the limits of habeas relief when he stated in his concurring opinion in Wilkinson, "[T]he validly sentenced prisoner who shows only that the State made a procedural error in denying discretionary parole has not established a right to release, and so cannot obtain habeas relief." Id. at 86-87 (emphasis in original).  In his dissent in the same case, Justice Kennedy nonetheless challenged Justice Scalia's conclusion stating, "My concerns with the Court's holding are increased, not diminished, by the fact that the Court does not seem to deny that respondents' claims indeed could be cognizable in habeas corpus proceedings." Id. at 89.  The disagreement between the Wilkinson concurrence and dissent further supports this Court's determination that neither Preiser nor Wilkinson stand for the clear proposition that habeas relief is precluded here.

Moreover, the Ninth Circuit, one year prior to Wilkinson, held that ex post facto challenges such as Petitioner's may be brought via habeas petitions.  Docken v. Chase, 393 F.3d 1024 (2004).[1]  In Docken, a prisoner challenged on ex post facto grounds via a habeas petition the state's refusal to provide him with annual reviews of his parole eligibility.  The district court dismissed the claim as one that must be brought under Section 1983, but the Ninth Circuit disagreed holding that "such parole-based claims-which may, but will not necessarily affect the duration of a prisoner's confinement if meritorious-are cognizable via habeas." Id. at 1025.

///

///

///

---

[1] Despite the fact Docken preceded Wilkinson, nothing in the language of Wilkinson indicates Docken was overruled, or even limited.

3

1       The Docken Court went on to observe that "the question of the relationship
2 between habeas and § 1983 relief has only explicitly come up before in converse form: whether
3 claims are not cognizable under Section 1983 because their resolution will necessarily impact the
4 fact and duration of confinement." Id. at 1031 (emphasis in original).  That court read Preiser as
5 suggesting that section 1983 and habeas are not mutually exclusive, and the court ultimately held
6 that "when prison inmates seek only equitable relief in challenging aspects of their parole review
7 that, so long as they prevail, could potentially affect the duration of their confinement, such relief
8 is available under the federal habeas statutes." Id. (emphasis in original).  Accordingly, since that
9 petitioner's challenge to the timing of his parole hearings could have led to his earlier release, his
10 claim was cognizable in habeas.  Docken controls here and Petitioner too may pursue his claim
11 via his current Petition.

12       Accordingly, IT IS HEREBY ORDERED that:

13       1. The findings and recommendations filed March 3, 2011, are ADOPTED in part
14 and REJECTED in part consistent with the foregoing;

15       2. Petitioner's application for writ of habeas corpus is DENIED with respect to
16 Petitioner's challenge to the state's denial of his parole; and

17       3. The matter is remanded to the magistrate judge for further proceedings
18 consistent with this Order.

19 Dated: May 13, 2011

21       MORRISON C. ENGLAND, JR.
      UNITED STATES DISTRICT JUDGE