IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OCTAVIO VALDIOSERA,

    Petitioner,           No. CIV S-09-3055 MCE GGH (TEMP) P

   vs.

GARY SWARTHOUT, et al.,

    Respondents.        ORDER TO SHOW CAUSE

_____/

      Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 16, 2011, the district court judge assigned to this case remanded for further consideration of petitioner's ex post facto challenge to "Marsy's Law" (changes to California Penal Code § 3041.5(b)(2) resulting in sometimes less-frequent parole hearings for inmates who have served enough of their sentence to be at least eligible for parole). The district court rejected this court's finding that such a challenge had to be brought in 42 U.S.C. § 1983 action rather than 28 U.S.C. § 2254 habeas action.

      As noted in the court's March 3, 2011 findings and recommendations, there is a class action pending in this court concerning an ex post facto challenge to "Marsy's Law:" Gilman v. Fisher, CIV-S-05-0830 LKK GGH P. The class consists of California prisoners

/////

1

1 sentenced to life in prison with the possibility of parole for an offense that occurred before
2 November 4, 2008.  See April 25, 2011 Order in Gilman.  This includes petitioner.  Pet. at 1.
3      Recently, the district court judge assigned to this case found as follows with
4 respect to an ex post facto challenge to "Marsy's Law" in a § 2254 action:

> A member of a class action seeking equitable relief cannot raise those same claims in a separate equitable action.  Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979).  See also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action.  To permit them would allow interference with the ongoing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudication.").  Indeed, "[a] district court has inherent power to choose among its broad arsenal of remedies when confronted with situations where, as here, continued litigation of a matter would create undue hardship on the litigating parties, or would improvidently circumscribe the actions of another court handling a prior certified action." Crawford, 599 F.2d at 892 (quoting Tate v. Werner, 68 F.R.D. 513, 520 (E.D. Pa 1975).  Moreover, "increasing calender congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties."
>
> A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result.  Id. at 893.  Pursuant to the above authorities, Petitioner's Ex Post Facto claim is thus precluded.[1]

---

[1] If Petitioner wishes to pursue his ex post facto challenge individually, he may attempt to opt out of the Gilman class action. McReynolds v. Richards-Cantave, 588 F.3d 790, 800 (2d Cir. 2009) (recognizing that district courts have discretion to grant opt-out rights); Penson v. Terminal Transp. Co., Inc., 634 F.2d 989, 993 (5th Cir. 1981) ("[A]lthough a member of a class certified under [Federal Rule of Civil Procedure] 23(b) has no absolute right to opt out of the class, a district court may mandate such a right pursuant to its discretionary power under Rule 23.").

May 4, 2011 Order in Cook v. Swarthout, CIV-S-10-2744 MCE GGH P.

/////

/////

In light of the foregoing, IT IS HEREBY ORDERED that petitioner show cause within twenty-one days why petitioner's "Marsy's Law" claim should not be stayed pending the outcome of the same claim in Gilman v. Fisher, CIV-S-05-0830 LKK GGH P. Respondent may file a response to petitioner's brief within seven days of service thereof. Petitioner's failure to respond to this order will result in a recommendation that this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

DATED: May 31, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kc
vald3055.157(1)